UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

NM HOMES ONE, INC.,

                  Plaintiff,

v.

JP MORGAN CHASE BANK, N.A. and TODD
BROWN,

                  Defendants.

08 Civ. 7679 (SWK)

ECF CASE

## MEMORANDUM OF LAW IN OPPOSITION TO
## PLAINTIFF'S MOTION FOR RECONSIDERATION

**PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP**
1285 Avenue of the Americas
New York, NY  10019
212-373-3000 (Phone)
212-757-3990 (Fax)

*Attorneys for Defendants JP Morgan Chase
Bank, N.A. and Todd Brown*

# TABLE OF CONTENTS

**Page**

Preliminary Statement ........................................................................................................... 1

Argument ............................................................................................................................... 2

I.  Plaintiff Cannot Meet the Standard for Granting Reconsideration. .................................. 2

    A.  A Motion for Reconsideration Should Only Be Granted In Extraordinary
    Circumstances—None of Which Are Present Here ...................................................... 2

    B.  There Has Been No Intervening Change In Controlling Law And Plaintiff
    Has Not Argued Or Demonstrated That This Court Made A Clear Error Of
    Law. ............................................................................................................................ 3

        1.  This Court is Bound by the Second Circuit's Decision in
        *Castellano*. ................................................................................................... 3

        2.  The NYAG's Briefs Do Not Constitute A Change in Controlling
        Law Or Demonstrate That This Court Made A Clear Error of Law. .......... 4

II.  Even if the Court Grants Reconsideration, It Should Again Dismiss Plaintiff's
    Non-Fraud, Common Law Tort Claims As Preempted by the Martin Act. ....................... 6

    A.  Well-Established, Relevant Precedent Holds That The Martin Act
    Preempts Non-Fraud Common Law Tort Claims. ...................................................... 7

    B.  This Court Should Follow The Well-Established Judicial Interpretation In
    Which The Legislature Has Acquiesced. ................................................................. 11

        1.  Legislative Inaction In The Face Of Well-Established Judicial
        Interpretation Indicates Acquiescence. .................................................... 11

        2.  The NYAG's Brief Is Not Entitled To Deference. .................................. 12

        3.  Numerous Courts Have Rejected The NYAG's Arguments. .................... 13

        4.  The NYAG's Position Conflicts With The Position It Has Taken In
        The Recent Past. ...................................................................................... 14

III.  Plaintiff's Alternative Request For Leave To Amend Its Complaint To Meet The
    Standard Of *Louros* Should Be Denied. ...................................................................... 16

    A.  Plaintiff's Request Should Be Denied Because Plaintiff Did Not Submit a
    Proposed Complaint Illustrating How Plaintiff Believes It Can Cure the
    Complaint's Defects. .............................................................................................. 16

    B.  In Any Event, Plaintiff's Request to Replead Should Be Denied Because
    Attempts to Replead Would be Futile. .................................................................... 17

Conclusion .......................................................................................................................... 18

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*AIG Global Securities Lending Corp.* v. *Banc of America Securities*, *LLC*,
   No. 01 Civ. 11448 (JGK), 2005 WL 2385854 (S.D.N.Y. Sept. 26, 2005) ........................... 14

*Ambac Assurance UK Limited* v. *J.P. Morgan Inv. Mgmt. Inc.*,
   Index No. 650259/09 (Sup. Ct., N.Y. County Mar. 24, 2010) ................................. 9

*Anweiler* v. *Am. Electric Power Service Corp.*,
   3 F.3d 986 (7th Cir. 1993) ........................................................... 4

*Aris Multi-Strategy Offshore Fund, Ltd.* v. *Devaney*,
   26 Misc. 3d 1221(A), 2009 WL 5851192 (Sup. Ct., N.Y. County Dec. 14, 2009) ................. 9

*Assured Guaranty (UK) Ltd.* v. *J.P. Morgan Investment Management, Inc.*,
   No. 603755/08 (Sup. Ct., N.Y. County Jan. 28, 2010) ........................................ 3

*Bankr. Trust of Gerard Sillam* v. *Refco Group, LLC*,
   No. 05 Civ. 10072 (GEL), 2006 WL 2129786 (S.D.N.Y. July 28, 2006) ......................... 16

*In re Bayou Hedge Fund Litig.*,
   534 F. Supp. 2d 405 (S.D.N.Y. 2007) ....................................................... 15

*Briggins* v. *McGuire*,
   67 N.Y.2d 965 (1986) ...................................................................... 11

*Brooklyn Union Gas Co.* v. *New York State Human Rights Appeal Bd.*,
   41 N.Y.2d 84 (1976) ....................................................................... 11

*Castellano* v. *Young & Rubicam*,
   257 F.3d 171 (2d Cir. 2001) ........................................................... 3, 15

*Chevron, USA, Inc.* v. *Natural Resources Defense Council, Inc.*,
   467 U.S. 837 (1984) ........................................................................ 5

*Citizens United* v. *Federal Election Com'n*,
   130 S. Ct. 876 (Jan. 21, 2010) ........................................................... 10

*CMMF, LLC* v. *J.P. Morgan Investment Management, Inc.*,
   No. 601924/09 (Sup. Ct., N.Y. County Dec. 10, 2009) ........................................ 3

*Cromer Finance Ltd.* v. *Berger*,
   No. 00 CIV 2498, 2001 WL 1112548 (S.D.N.Y. Sept. 19, 2001) ............................ 10, 13

*In re Crude Oil Commodity Litig.*,
   No. 06 Civ. 6677 (NRB), 2007 WL 2589482 (S.D.N.Y. Sept. 7, 2007) ........................... 2

*Dellefave* v. *Access Temps., Inc.*,
  No. 99 Civ. 6098 (RWS), 2001 WL 286771 (S.D.N.Y. Mar. 22, 2001) ................................ 2

*Diversified Carting, Inc.* v. *City of New York*,
  423 F.Supp.2d 85 (S.D.N.Y. 2005) ................................................................................. 11

*Dougherty* v. *Teva Pharmaceuticals USA, Inc.*,
  Civ. Action No. 05-2336, 2007 WL 1165068 (E.D. Pa. 2007) ........................................ 4, 5

*Espana* v. *American Bureau of Shipping*,
  No. 03 Civ. 3573(LTS)(RLE), 2007 WL 3229147 (S.D.N.Y. Oct. 31, 2007) ....................... 5

*Granite Partners, L.P.* v. *Bear, Stearns & Co. Inc.*,
  17 F. Supp. 2d 275 (S.D.N.Y. 1998) .................................................................................. 8

*Heller* v. *Goldin Restructuring Fund, L.P.*,
  No. 07 CIV. 3704 (RJS), 2008 WL 5328430 (S.D.N.Y. Dec. 22, 2008) ............................ 17

*Horn* v. *440 East 57th Co.*,
  151 A.D.2d 112 (1st Dep't 1989) ...................................................................................... 7

*Int'l Union, United Auto., Aerospace and Agricultural Implement Workers of America,*
  *UAW* v. *Keystone Consol. Indust., Inc.*,
  793 F.2d 810 (7th Cir. 1986). ........................................................................................ 4, 5

*Jana Master Fund, Ltd.* v. *JPMorgan Chase & Co.*,
  19 Misc.3d 1106(A), 859 N.Y.S.2d 903, 2008 WL 746540
  (Sup. Ct., N.Y. County Mar. 12, 2008) ............................................................................. 8

*Karpus* v. *Hyperion Capital Management, Inc.*,
  No. 96 Civ. 4671 (SAS), 1997 WL 160493 (S.D.N.Y. Apr. 4, 1997) ................................. 10

*Kassover* v. *UBS AG & UBS Fin. Servs., Inc.*,
  No. 08 Civ. 02753 (LMM), 2008 WL 5331812 (S.D.N.Y. Dec. 19, 2008) .......................... 14

*Kelly v. City of New York,*
  Nos. 91 Civ. 2567, 91 Civ. 7343, 91 Civ. 7755 (JFK), 2001 WL 1132017
  (S.D.N.Y. Sept. 24, 2001) ................................................................................................. 4

*Kreitzer* v. *New York City Dept. of Bldgs.*,
  24 A.D.3d 374 (1st Dep't 2005) ...................................................................................... 12

*Kurcsics* v. *Merchants Mut. Ins. Co.,*
  49 N.Y.2d 451 (1980) ...................................................................................................... 13

*Liriano* v. *Hobart Corp.*,
  960 F. Supp. 43 (S.D.N.Y. 1997) ..................................................................................... 10

*Louros* v. *Kreicas*,
  367 F. Supp. 2d 572 (S.D.N.Y. 2005) ...................................................................15

*Maryland Cas. Co.* v. *W.R. Grace & Co. – Conn*,
  No. 88 CIV. 2613 (SWK), 1994 WL 592267 (S.D.N.Y. Oct. 26, 1994) ................................3

*Miss America Organization* v. *Mattel, Inc.*,
  945 F.2d 536 (2d Cir. 1991) .............................................................................12

*Moran Towing and Transp. Co., Inc.* v. *New York State Tax Com'n*,
  72 N.Y.2d 166 (1988) .....................................................................................12

*Nanopierce Technologies, Inc.* v. *Southridge Capital Management LLC*,
  No. 02 Civ. 0767(LBS), 2003 WL 22052894 (S.D.N.Y Sept. 3, 2003) .........................9, 10

*Novella* v. *Empire State Carpenters Pension Fund*,
  No. 05 Civ. 2079(BSJ)(JCF), 2007 WL 2417303 (S.D.N.Y. Aug. 28, 2007).........................5

*Olympus Corp.* v. *U.S.*,
  627 F. Supp. 911 (E.D.N.Y. 1985) ......................................................................12

*In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.*,
  Nos. 06 Civ. 643, 07 Civ. 8686, 07 Civ. 8688 (GEL), 2008 WL 4056159
  (S.D.N.Y. Aug. 28, 2008).................................................................................16

*Rego Park Gardens Owners, Inc.* v. *Rego Park Gardens Assocs.*,
  191 A.D.2d 621 (2d Dep't 1993) .........................................................................8

*In re Salomon Analyst Winstar Litig.*,
  No. 02 Civ. 6171 (GEL), 2006 WL 510526 (S.D.N.Y. Feb. 28, 2006)................................2

*Scalp & Blade, Inc.* v. *Advest, Inc.*,
  281 A.D.2d 882 (4th Dep't 2001) ..................................................................10, 13

*Sedona Corp.* v. *Ladenburg Thalmann & Co., Inc.*,
  No. 03 CV 3120 (LTS), 2005 WL 1902780 (S.D.N.Y. Aug. 9, 2005)................................13

*Shrader* v. *CSX Transp., Inc.*,
  70 F.3d 255 (2d Cir. 1995) ...............................................................................2

*Simonton* v. *Runyon*,
  232 F.3d 33 (2d Cir. 2000) ..............................................................................11

*Stephenson* v. *Citco Grp. Ltd.*,
  No. 09 CV 00716 (RJH), 2010 WL 1244007 (S.D.N.Y. Apr. 1, 2010)................................8

*Townhomes Ass'n of Buffalo, Inc.* v. *Breakwaters of Buffalo, Inc.*,
  207 A.D.2d 963 (4th Dep't 1994) ......................................................................10

*Tradewinds Financial Corp.* v. *Refco Secs., Inc.*,
    No. 606052/01, 2003 WL 25530168 (Sup. Ct., N.Y. County Sept. 15, 2003)........................9

*Whitehall Tenants Corp.* v. *Estate of Olnick*,
    213 A.D.2d 200 (1st Dep't 1995) ........................................................................................8

## OTHER AUTHORITIES

73 Am. Jur. 2d Statutes § 84........................................................................................................11

New York State Assembly Bill No. A08646, Senate Bill No. S05768, "An act to amend
    the business corporation law and the retirement and social security law, in relation to
    authorizing certain actions by institutional investors.".........................................................12

Brief of the New York Attorney General in *People* v. *Merkin*,
    2009 WL 2445030 (Aug. 3, 2009) ......................................................................................15

Defendants JP Morgan Chase Bank, N.A. and Todd Brown (collectively, "Defendants") respectfully submit this memorandum of law in opposition to Plaintiff NM Homes One, Inc.'s ("Plaintiff's") motion for reconsideration of the portion of this Court's Order dated March 30, 2010 (the "Decision") dismissing with prejudice as preempted by the Martin Act Plaintiff's claims for breach of fiduciary duty (Count Two), negligence (Count Nine) and gross negligence (Count Ten).[1]

## **Preliminary Statement**

In support of its motion for reconsideration, Plaintiff relies exclusively on arguments set forth in *amicus* briefs filed by the Attorney General for the State of New York ("NYAG") in two unrelated cases that are pending in New York State Court. These briefs, however, do not provide a basis for this Court to reconsider its decision dismissing with prejudice Plaintiff's common law non-fraud tort claims as preempted by the Martin Act. As an initial matter, Plaintiff has not met the standard for granting reconsideration. This Court is bound by the Second Circuit's *Castellano* decision, which holds that the Martin Act preempts common law claims where—as here—"the underlying claim implicates a subject covered by the Act." The NYAG's briefs neither constitute a change in that established law nor demonstrate that the Court made a clear error of law in applying *Castellano*. Instead, the briefs merely contain *arguments* that could have been—but were not— raised by Plaintiff itself in opposing the motion to dismiss and have been expressly rejected by numerous courts. Accordingly, reconsideration is not warranted.

Should the Court grant reconsideration, however, it should dismiss again Plaintiff's common law non-fraud tort claims. Although the NYAG argues in its briefs that the Martin Act

---

[1]     In response to Defendants' argument that Plaintiff's negligent misrepresentation claim was also preempted, Plaintiff voluntarily dropped that claim (Count Eight) in its memorandum in opposition to Defendants' motion to dismiss. *See* Pl. Opp. Mem. at 12 n.2.

should not be interpreted by the courts to preempt such claims, the Court should not adopt the NYAG's arguments. Well-established precedent holds that the Martin Act preempts common law non-fraud tort claims. The New York Legislature has acquiesced in that precedent and the NYAG's arguments—which have been rejected by numerous courts—are not entitled to deference.

Finally, Plaintiff's alternative request for leave to amend its complaint to meet the standard in *Louros* should be denied because Plaintiff did not submit a copy of the proposed pleading and any effort to amend the complaint for this purpose would be futile.

<u>**Argument**</u>

**I.    Plaintiff Cannot Meet the Standard for Granting Reconsideration.**

**A.    A Motion for Reconsideration Should Only Be Granted In Extraordinary Circumstances—None of Which Are Present Here.**

"A motion for reconsideration pursuant to Local Rule 6.3 is *an extraordinary remedy to be employed sparingly* in the interests of finality and conservation of scarce judicial resources." *In re Crude Oil Commodity Litig.*, No. 06 Civ. 6677 (NRB), 2007 WL 2589482, at *2 (S.D.N.Y. Sept. 7, 2007) (citation and internal quotation marks omitted) (emphasis added). A court should reconsider "*only* where there is an intervening change of controlling law, newly available evidence, or the need to correct a clear error or prevent manifest injustice."[2] *In re Salomon Analyst Winstar Litig.*, No. 02 Civ. 6171 (GEL), 2006 WL 510526, at *1 (S.D.N.Y. Feb. 28, 2006) (citations and internal quotation marks omitted) (emphasis added); *see also Shrader* v. *CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (the standard for granting a motion for reconsideration "is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked"); *Dellefave* v. *Access Temps., Inc.*, No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001) (Local Rule 6.3 must be "strictly applied.").

---

[2]    Plaintiff does not argue here that the Court should reconsider its Decision in light of newly-available evidence.

Plaintiff's motion for reconsideration fails on all counts.  *First*, Plaintiff does not direct this Court to any intervening change in controlling law.  *Second*, Plaintiff fails to argue, let alone demonstrate, that the Court's prior decision reflected clear error or would otherwise cause manifest injustice.

**B.     There Has Been No Intervening Change In Controlling Law And Plaintiff Has Not Argued Or Demonstrated That This Court Made A Clear Error Of Law.**

In support of its motion for reconsideration, Plaintiff relies exclusively on *amicus* briefs filed by the NYAG in two appeals currently pending in the First Department.[3]  The arguments set forth in these briefs do not properly form the basis of a motion for reconsideration.

**1.     This Court is Bound by the Second Circuit's Decision in *Castellano*.**

As this Court recognized in granting Defendants' motion to dismiss, the Second Circuit held in *Castellano* v. *Young & Rubicam*, 257 F.3d 171, 190 (2d Cir. 2001), that "the Martin Act preempts common law breach of fiduciary duty claims where the underlying claim implicates a subject covered by the Act."  Decision at 9.  The NYAG does not dispute that *Castellano* so holds or that *Castellano* is the law in this Circuit.  Unless and until the Second Circuit or the New York Court of Appeals overrules *Castellano*, this Court is bound by that decision.  *See Maryland Cas. Co.* v. *W.R. Grace & Co. – Conn*, No. 88 CIV. 2613 (SWK), 1994 WL 592267, at *6-7 (S.D.N.Y. Oct. 26, 1994) ("The New York State Court of Appeals has not yet confronted the circumstances addressed by the [First Department] in *United States Fire*.  Accordingly, the Court finds that *United States Fire* does not constitute an intervening change of controlling law such that modification of its decision is warranted.")  Plaintiff has not—and cannot—show that *Castellano* has been overruled and, for the

---

[3]     The NYAG's *amicus* briefs were submitted in *Assured Guaranty (UK) Ltd.* v. *J.P. Morgan Investment Management, Inc.*, No. 603755/08 (Sup. Ct., N.Y. County Jan. 28, 2010) and *CMMF, LLC* v. *J.P. Morgan Investment Management, Inc.*, No. 601924/09 (Sup. Ct., N.Y. County Dec. 10, 2009).  Copies of the NYAG's briefs are attached to Plaintiff's Motion.

reasons set forth below, Plaintiff has not even provided this Court with reason to believe that the Second Circuit or the New York Court of Appeals will likely overrule *Castellano*.

> **2.    The NYAG's Briefs Do Not Constitute A Change in Controlling Law Or Demonstrate That This Court Made A Clear Error of Law.**

An *amicus* brief is not law and therefore cannot constitute a change in controlling law. *Kelly* v. *City of New York,* Nos. 91 Civ. 2567, 91 Civ. 7343, 91 Civ. 7755 (JFK), 2001 WL 1132017, at *6 (S.D.N.Y. Sept. 24, 2001) (holding that an *amicus* brief filed by the Secretary of Labor in another case does not constitute a change in controlling law). Nor do the arguments raised by the NYAG in its briefs demonstrate that this Court made a clear error of law.

The cases from outside this jurisdiction that Plaintiff points to for the (erroneous) proposition that *amicus* briefs filed in another case can support a motion for reconsideration say nothing of the sort. *First,* in all three cases cited by Plaintiff,[4] the *amicus* briefs at issue were submitted in connection *with the case being considered by that court.* Plaintiff points to no case where a court has granted a motion for reconsideration based on a filing by an *amicus* in a separate action. More importantly, however, the courts in these cases did *not* find that the interpretations set forth in the *amicus* briefs constituted intervening changes in controlling law.

In *Anweiler*, the *amicus* brief brought to the court's attention a U.S. Supreme Court case decided well after the case was argued and two days before the Seventh Circuit issued its initial opinion. *Anweiler,* 3 F.3d at 993. The court found that the intervening Supreme Court decision warranted reconsideration of its prior decision. Here, the NYAG brings no intervening decision to the Court's attention and instead makes legal arguments that Plaintiff had every opportunity to make in its original brief in opposition to Defendants' motion to dismiss.

---

[4]    *Anweiler* v. *Am. Electric Power Service Corp.*, 3 F.3d 986, at FN* (7th Cir. 1993); *Dougherty* v. *Teva Pharmaceuticals USA, Inc.*, Civ. Action No. 05-2336, 2007 WL 1165068, at *4 (E.D. Pa. 2007); and *Int'l Union,*

In *Dougherty*, the *amicus* brief was filed by the Department of Labor ("DOL") and concerned the DOL's interpretation of its *own* regulations. *Dougherty*, 2007 WL 1165068, at *4. The *Dougherty* court found that an agency's interpretation of its own regulations was entitled to deference under *Chevron, USA, Inc.* v. *Natural Resources Defense Council, Inc.*, 467 U.S. 837 (1984). *Id.* Thus, the court concluded that it had made a "clear error of law" in its prior determination of the meaning of an agency regulation sufficient to warrant reconsideration. *Id.* at *3. In contrast, the NYAG's brief is not entitled to any deference. (*See* below at 12-13.) The NYAG does not set forth an interpretation of the meaning of its own regulations promulgated under the Martin Act. Rather, the NYAG opines on the purely legal question of whether the legislature intended the Martin Act to preempt common law claims within its purview, a matter of statutory interpretation within the expertise of the judiciary, and not the NYAG. *Novella* v. *Empire State Carpenters Pension Fund*, No. 05 Civ. 2079(BSJ)(JCF), 2007 WL 2417303, at *4 (S.D.N.Y. Aug. 28, 2007) ("[I]t is primarily the role of the judiciary to engage in statutory interpretation.").

The third case cited by Plaintiff, *Int'l Union*, sheds no light on the relevant question, noting only in a footnote to the caption that an *amicus* brief had been filed. *Int'l Union,* 793 F.2d at FN*. The extent, if any, to which the court considered the *amicus* brief as a basis for granting the motion for reconsideration is not mentioned in the decision.

In any event, the NYAG—in the *Assured* and *CMMF* cases—offers no arguments that Plaintiff could not have advanced in opposition to the motion to dismiss in this case. A motion for reconsideration is not an opportunity for a party to advance arguments it simply chose not to advance earlier. *See Espana* v. *American Bureau of Shipping*, No. 03 Civ. 3573(LTS)(RLE), 2007 WL 3229147, at *1 (S.D.N.Y. Oct. 31, 2007) ("Reconsideration does not allow parties to reargue those

---

*United Auto., Aerospace and Agricultural Implement Workers of America, UAW* v. *Keystone Consol. Indust., Inc.*, 793 F.2d 810, at FN* (7th Cir. 1986).

issues already considered when a party does not like the way the original motion was resolved. As such, a party ... may not advance new facts, issues or arguments not previously presented to the Court.") (quoting *In re Houbigant, Inc.*, 914 F.Supp. 997, 1001 (S.D.N.Y. 1996)). The NYAG's briefs do not constitute a change in the law and, as demonstrated below, the Court was correct in finding Plaintiff's claims preempted. Reconsideration should thus not be granted.

## II.    Even if the Court Grants Reconsideration, It Should Again Dismiss Plaintiff's Non-Fraud, Common Law Tort Claims As Preempted by the Martin Act.

Even if the Court were to reconsider its dismissal of Plaintiff's non-fraud common law tort claims in light of the NYAG's briefs, it should nonetheless, on reconsideration, adhere to its prior decision. The NYAG recognizes in its *amicus* brief—as did this Court in the Decision—that most New York state courts (as well as federal courts applying New York law) have held that non-fraud common law claims like those at issue here are preempted by the Martin Act. Plaintiff and the NYAG argue, however, that all of these cases were incorrectly decided and that the Martin Act does not preempt any claims in the securities context because the legislative history is silent on the issue and cases finding common law claims in the real estate context preempted are inapposite.

Neither Plaintiff nor the NYAG has offered convincing arguments that demonstrate that the at least *twenty-two* New York state court judges and *twenty* federal judges—including the Second Circuit panel in *Castellano*—who have issued consistent rulings on this question over the last *twenty-one* years have made a fundamental mistake. This Court should not abandon the well-established body of law finding that the Martin Act preempts non-fraud common law tort claims in *both* the securities and real estate contexts. This is particularly true because the legislature's inaction in the face of such overwhelming authority indicates acquiescence in these decisions. Moreover, the NYAG's brief is not entitled to deference and numerous courts in this jurisdiction have previously rejected the very arguments that the NYAG advances now. Finally, the position advanced by the

NYAG conflicts with the position it has taken in the past and neither Plaintiff nor the NYAG has offered a compelling reason why this Court should adopt the NYAG's new-found interpretation.

    **A.**    **Well-Established, Relevant Precedent Holds That The Martin Act Preempts Non-Fraud Common Law Tort Claims.**

        There is a longstanding, nearly uniform body of case law holding that non-fraud common law tort claims are preempted by the Martin Act. *See* Decision at 9-10. This includes the Second Circuit's decision in *Castellano*. (*See* above at 3-4.) *Castellano* itself is based on several New York State decisions. For example, in *Horn*, the First Department held that, in the absence of fraud, "to sustain [common law claims] would be, in effect, to recognize a private right of action under the Martin Act contrary to case law." *Horn* v. *440 East 57th Co.*, 151 A.D.2d 112, 120 (1st Dep't 1989).

        Neither Plaintiff nor the NYAG makes any attempt to distinguish *Castellano*, which, as described above, is the law in this Circuit. Instead, the NYAG attempts to distinguish the key state cases which similarly hold that common law non-fraud tort claims are preempted. These efforts are unpersuasive. While *Horn* involved a real estate offering, nothing in the opinion indicates that the holding is based on—or limited to—the real estate context. Rather, the First Department held in *Horn* that sustaining common law claims that "omit the element of a deceitful intent" "would be, in effect, to recognize a private right of action under the Martin Act contrary to case law." *Id.* (emphasis added) (citing *CPC Int'l Inc.* v. *McKesson Co.*, 70 N.Y.2d 268, 275-278 (1987)).[5] This Court's reasoning in *Horn* applies with equal force to claims in the securities context, an area over which the NYAG also has enforcement authority under the Martin Act.

---

[5]    Thus, the First Department has squarely held, contrary to the NYAG's contention (NYAG Br. at 11-12), that it is "legally relevant" to the preemption question whether the claims require proof of intent.

Similarly, in *Whitehall*, the First Department held that "private plaintiffs will not be permitted through artful pleading to press *any* claim based on the sort of wrong given over to the Attorney-General under the Martin Act." *Whitehall Tenants Corp.* v. *Estate of Olnick*, 213 A.D.2d 200, 200 (1st Dep't 1995) (emphasis added); *see also Rego Park Gardens Owners, Inc.* v. *Rego Park Gardens Assocs.*, 191 A.D.2d 621, 622 (2d Dep't 1993) (holding that the Martin Act preempted a negligent misrepresentation claim that "sought, in essence, to pursue a private right of action under the Martin Act").

No New York state or federal court applying New York law has found that *Horn* limited Martin Act preemption to common law claims in the real estate context. Indeed, as the court expressly recognized in *Granite Partners, L.P.* v. *Bear, Stearns & Co. Inc.*, 17 F. Supp. 2d 275, 292 (S.D.N.Y. 1998), the First Department's holdings in *Horn* and *Whitehall* and the Second Department's holding in *Rego Park* are *not* limited to the real estate context:

> [Plaintiff] maintains that much of the cited precedents, particularly *Horn*, *Rego Park*, and *Whitehall*, are inapplicable because their effect is limited to claims relating to cooperatives and condominiums. The Martin Act, however, is not limited to cooperatives and condominiums, and these state cases did not limit their holdings to such circumstances.

*See also Stephenson* v. *Citco Grp. Ltd.*, No. 09 CV 00716 (RJH), 2010 WL 1244007, at *13 (S.D.N.Y. Apr. 1, 2010) (finding that none of the cases in the real estate context "reject the traditional understanding of Martin Act preemption or adopt plaintiff's view that preemption is limited solely to those cases rooted in a violation of the Attorney General's disclosure regulations (as opposed to the other securities violations within the Act's purview)"); *Jana Master Fund, Ltd.* v. *JPMorgan Chase & Co.*, 19 Misc.3d 1106(A), 859 N.Y.S.2d 903, 2008 WL 746540, at *5 (Sup. Ct., N.Y. County Mar. 12, 2008) (relying on *Horn* to dismiss a claim for negligent misrepresentation and breach of fiduciary duty in the securities context, finding "[t]hese claims clearly fall within the

purview of the Martin Act."); *Assured Guaranty (UK) Ltd.* v. *J.P. Morgan Inv. Mgmt. Inc.*, Index No. 603755/08, at 9-12 (Sup. Ct., N.Y. County Jan. 29, 2010) (relying on *Horn* to find preempted claims for breach of fiduciary duty and gross negligence in the securities context);[6] *Ambac Assurance UK Limited* v. *J.P. Morgan Inv. Mgmt. Inc.*, Index No. 650259/09, at 12-15 (Sup. Ct., N.Y. County Mar. 24, 2010) (same);[7] *Aris Multi-Strategy Offshore Fund, Ltd.* v. *Devaney*, 26 Misc. 3d 1221(A), 2009 WL 5851192, at *11 (Sup. Ct., N.Y. County Dec. 14, 2009) (relying on *Horn* to find preempted claims for negligent misrepresentation, breach of fiduciary duty, gross negligence and negligence in the securities context); *Tradewinds Financial Corp.* v. *Refco Secs., Inc.*, No. 606052/01, 2003 WL 25530168 (Sup. Ct., N.Y. County Sept. 15, 2003) (relying on *Horn* to find preempted claims for negligent misrepresentation and negligence in the securities context).

   Similarly, in *Nanopierce Technologies, Inc.* v. *Southridge Capital Management LLC*, the court relied on *Horn* and *Whitehall* to find preempted a breach of fiduciary duty claim in the securities context:

> Courts concerned with preserving the Attorney General's exclusive domain therefore preclude claims which essentially mimic the Martin Act, but permit common law fraud claims, which require an additional element. *See, e.g.*, *Horn*, 151 A.D.2d 112, 547 N.Y.S.2d at 5 ("*Fairly construed, both these causes of action [for negligent misrepresentation and breach of fiduciary duty] omit the element of a deceitful intent on defendant's part and substitute therefor the existence of a fiduciary relationship of trust and confidence.*"); *Whitehall*, 623 N.Y.S.2d at 585 ("While *McKesson* ... does not foreclose a cause of action for common-law fraud, private plaintiffs will not be permitted through artful pleading to press any claim based on the sort of wrong given over to the Attorney-General under the Martin Act. Without evidence of reliance ... or intent to defraud ...

---

[6] This decision is attached hereto as Exhibit 1 because it is unpublished and not available on a commercial database. Plaintiff in *Assured* filed a notice of appeal on February 5, 2010; the appeal has been perfected and briefed for the First Department's June Term. Oral argument is scheduled for May 26, 2010.

[7] This decision is attached hereto as Exhihit 2 because it is unpublished and not available on a commercial database. Plaintiff in *Ambac* filed a notice of appeal to the First Department on April 26, 2010.

plaintiff is endeavoring to vindicate [rights committed] exclusively to
the Attorney-General.").

No. 02 Civ. 0767(LBS), 2003 WL 22052894, at *4 (S.D.N.Y Sept. 3, 2003) (emphasis in original).

Indeed, even the *Cromer Finance* decision—one of the "solitary island" decisions, *see id.*, which

incorrectly found that the Martin Act does not preempt any claims—recognized that under *Horn*, a

claim for negligence in the securities context *would* be preempted. *Cromer Finance Ltd.* v. *Berger*,

No. 00 CIV 2498, 2001 WL 1112548, at *4 (S.D.N.Y. Sept. 19, 2001).[8]

       Neither Plaintiff nor the NYAG offers a compelling justification for this Court to rule

contrary to Second Circuit precedent or to overturn the numerous district court decisions consistent

with this Court's own ruling.  The principle of *stare decisis* is the preferred course because it

"promotes the evenhanded, predictable, and consistent development of legal principles, fosters

reliance on judicial decisions, and contributes to the actual and perceived integrity of the judicial

process." *Liriano* v. *Hobart Corp.*, 960 F. Supp. 43, 46 (S.D.N.Y. 1997) (quoting *United States* v.

*International Business Machines Corp.*, 517 U.S. 843 (1996)); *Karpus* v. *Hyperion Capital

Management, Inc.*, No. 96 Civ. 4671 (SAS), 1997 WL 160493, at *3 (S.D.N.Y. Apr. 4, 1997)

(quoting same); *see also Citizens United* v. *Federal Election Com'n*, 130 S. Ct. 876, 920 (Jan. 21,

2010) (concurrence) ("Fidelity to precedent—the policy of *stare decisis*—is vital to the proper

exercise of the judicial function.").

---

[8]   The other "solitary island" decision, *Scalp & Blade*, did not address the *Horn* decision and simply held that no
claims are preempted by the Martin Act because it does not expressly so provide. *Scalp & Blade, Inc.* v. *Advest,
Inc.*, 281 A.D.2d 882, 883 (4th Dep't 2001).  Indeed, as the *Nanopierce* Court observed, the *Scalp & Blade* decision,
"offers virtually no ... reasoning at all; indeed, as has been observed, the decision does not even go so far as to
explain why the Fourth Department is not longer persuaded by its prior decision in *Breakwaters*," 2003 WL
22052894, at *4, a case in which the Fourth Department held in that the Martin Act preempted non-fraud common
law claims which "seek recovery based on violations of the Martin Act." *Townhomes Ass'n of Buffalo, Inc.* v.
*Breakwaters of Buffalo, Inc.*, 207 A.D.2d 963, 964 (4th Dep't 1994).

**B.    This Court Should Follow The Well-Established Judicial Interpretation In Which The Legislature Has Acquiesced.**

    **1.    Legislative Inaction In The Face Of Well-Established Judicial Interpretation Indicates Acquiescence.**

    The primary argument advanced by the NYAG is that the legislature could not have intended the Martin Act to have a preemptive effect because there is nothing in the legislative history of the Act that indicates that it was intended to do so. That the legislative history is silent on this issue, however, does not mean that this Court should adopt the NYAG's position and overturn a near-uniform, well-established body of case law that for over twenty-one years has interpreted the Martin Act as preempting such claims. Despite repeated amendments to the Martin Act after courts began interpreting the Martin Act to preempt such claims, the legislature has never taken the opportunity to clarify that the Act was meant to be interpreted differently. This silence is "strong evidence" of legislative acquiescence in the well-established precedent. *Simonton* v. *Runyon*, 232 F.3d 33, 35 (2d Cir. 2000); *see also Diversified Carting*, *Inc.* v. *City of New York*, 423 F.Supp.2d 85, 95 (S.D.N.Y. 2005) (recognizing that legislative silence may indicate acquiescence in existing case law); 73 Am. Jur. 2d Statutes § 84 ("[W]here a judicial construction has been placed upon the language of a statute for a long period of time, so that there has been abundant opportunity for the lawmaking power to give further expression to its will, the failure to do so amounts to legislative approval and ratification of the construction placed upon the statute by the courts.").[9]

    Notably, a bill currently pending in committees in both the New York State Senate and Assembly indicates that the legislature is well aware of the courts' interpretation. Yet there have been no efforts to amend the Act to reverse its preemptive effect. The justification section of that

---

[9]    *See also Brooklyn Union Gas Co.* v. *New York State Human Rights Appeal Bd.*, 41 N.Y.2d 84, 90 (1976) (quoting *Engle* v. *Talarico*, 33 N.Y.2d 237, 242 (1973) ("Where the practical construction of a statute is well known, the Legislature is charged with knowledge and its failure to interfere indicates acquiescence."); *Briggins* v. *McGuire*, 67

bill—which seeks to grant large institutional investors, including public retirement and mutual funds, a private right of action under the Martin Act—expressly states the legislature's current viewpoint that without such a private right of action, there is no state law remedy for investors:

> As a result of recent corporate wrongdoings, trustees of large institutional investors such as mutual funds or the State's pension fund, have found themselves *without remedy for damages and massive losses* due to corporate violations of state securities laws. Under current law, the State attorney general has broad powers to prevent fraudulent securities practices, yet large institutional *investors have no right of action* when the state's securities laws are violated . . . .[10]

## 2. The NYAG's Brief Is Not Entitled To Deference.

In addition, the NYAG's interpretation of the Martin Act should not be given deference. As the NYAG recognizes, "[p]reemption is a matter of legislative intent," (*see* NYAG Br. at 7), and not agency determination. "[T]here is no need for the exercise of any agency expertise or discretion where there is a question of statutory interpretation." *Miss America Organization* v. *Mattel, Inc.*, 945 F.2d 536, 544 (2d Cir. 1991) (citing *Touche Ross & Co.* v. *S.E.C.*, 609 F.2d 570, 577 (2d Cir. 1979)); *see also Olympus Corp.* v. *U.S.*, 627 F. Supp. 911, 918 (E.D.N.Y. 1985). Indeed, New York state courts, too, have held that they need not defer to administrative agencies in matters of pure statutory interpretation such as the issue of preemption. *See Moran Towing and Transp. Co., Inc.* v. *New York State Tax Com'n*, 72 N.Y.2d 166, 173 (1988); *Kreitzer* v. *New York City Dept. of Bldgs.*, 24 A.D.3d 374, 375 (1st Dep't 2005). As explained by the Court of Appeals:

> Where the interpretation of a statute or its application involves knowledge and understanding of underlying operational practices or

---

N.Y.2d 965, 967-68 (1986) (holding that the legislature's failure to amend a statute after an interpretation set forth eight years prior was evidence of its agreement with this interpretation).

[10]    *See* New York State Assembly Bill No. A08646, Senate Bill No. S05768, "An act to amend the business corporation law and the retirement and social security law, in relation to authorizing certain actions by institutional investors," *available at* http://assembly.state.ny.us/leg/?default_fld=%0D%0A&bn=A.8646%09%09&Summary=Y&Actions =Y&Votes=Y&Memo=Y&Text=Y (emphasis added).

> entails an evaluation of factual data and inferences to be drawn
> therefrom, the courts regularly defer to the governmental agency
> charged with the responsibility for administration of the
> statute. . . .*Where, however, the question is one of pure statutory
> reading and analysis, dependent only on accurate apprehension of
> legislative intent, there is little basis to rely on any special
> competence or expertise of the administrative agency . . .*

*Kurcsics* v. *Merchants Mut. Ins. Co.,* 49 N.Y.2d 451, 459 (1980) (emphasis added).

   If the NYAG disagrees with the well-established judicial interpretation, the proper

course of action is for the NYAG to encourage the legislature to amend the Martin Act expressly to

provide that the Act does not preempt common law claims within its purview. In the absence of such

an amendment, this Court should be guided by the legislature's acquiescence in the well-established

judicial interpretation of the Martin Act.[11]

### 3.  Numerous Courts Have Rejected The NYAG's Arguments.

   As noted above, the arguments made by the NYAG—which Plaintiff asks this Court

to consider—are arguments that Plaintiff could have made itself in opposition to Defendants' motion

to dismiss. Should the Court consider these arguments now, it should reject them as unpersuasive,

just as numerous other courts have done. For example, the NYAG argues that because the Martin

Act does not expressly preempt non-fraud common law tort claims, such claims are not preempted.

This analysis was adopted by the *Scalp & Blade* and *Cromer* courts. *See, e.g.*, *Scalp & Blade,* 281

A.D.2d at 883; *Cromer*, 2001 WL 11112548, at *4. However, courts considering the issue have

rejected the *Scalp & Blade* and *Cromer* analysis. *See, e.g.*, *Sedona Corp.* v. *Ladenburg Thalmann &*

*Co., Inc.*, No. 03 CV 3120 (LTS), 2005 WL 1902780, at *22 (S.D.N.Y. Aug. 9, 2005) ("[b]oth *Scalp*

---

[11] If this court considers the NYAG's *amicus* briefs, it should also consider the *amicus* briefs submitted in the same appeals by the Securities Industry and Financial Markets Association ("SIFMA"). SIFMA, which brings together the shared interests of more than 600 securities firms, banks, and asset managers locally and globally through offices in New York, Washington, D.C., and London, sought leave from the First Department to file *amicus* briefs in the same two pending appeals as those in which the NYAG's *amicus* briefs were submitted. Copies of the *amicus* briefs filed by SIFMA are attached as Exhibits 1 and 2 to the accompanying Declaration of Richard A. Rosen in Opposition to Plaintiff's Motion for Reconsideration dated May 20, 2010.

*& Blade*'s and *Cromer*'s determinations that the text of the Martin Act does not include support for preclusion of common law claims are insufficiently persuasive") (*see also* Defs. Br. at 40 & n.28 (collecting cases rejecting these decisions).)

The NYAG also argues that the cases holding that common law claims in the real estate context are preempted are inapposite. As discussed above, numerous courts, including *Granite* and *Stephenson*, have expressly rejected that very argument. (*See* above at 8.)

Finally, the NYAG's argument that preemption of private remedies for negligence is at odds with the Martin Act's goal of enhancing investor protection was also expressly rejected by the court in *AIG Global Securities Lending Corp.* v. *Banc of America Securities*, *LLC*, No. 01 Civ. 11448 (JGK), 2005 WL 2385854, at *16 (S.D.N.Y. Sept. 26, 2005).

### 4. The NYAG's Position Conflicts With The Position It Has Taken In The Recent Past.

Plaintiff asks this Court—based on the NYAG's position in two other cases—to hold that the Martin Act does not preempt non-fraud common law tort claims in the securities context. But this position directly contradicts the position the NYAG took only eight months ago. In *People* v. *Merkin*, in response to defendant's argument that the NYAG itself is precluded by the Martin Act from asserting common law breach of fiduciary duty claims, the NYAG drew a sharp distinction between its enforcement powers and the rights of private civil litigants and explicitly argued: "Private plaintiffs *are* precluded from bringing [common law claims based on conduct that would give rise to a Martin Act violation] under certain circumstances, because doing so would 'in effect, recognize a private right of action under the Martin Act contrary to caselaw.'" *See* NYAG *Merkin* Br. at 25, 2009 WL 2445030 (Aug. 3, 2009) (citing *Horn*) (emphasis added).

Moreover, the NYAG's brief in *Merkin* quoted *Kassover* v. *UBS AG & UBS Fin. Servs., Inc.*, No. 08 Civ. 02753 (LMM), 2008 WL 5331812, at *6-10 (S.D.N.Y. Dec. 19, 2008)—a

decision which dismissed as preempted a negligent misrepresentation claim brought against an investment advisor for failure to disclose that investments involved liquidity risks—for the proposition that "allowing private litigants to press common law claims 'covered' by the Martin Act would upset the Attorney General's exclusive enforcement power . . . under the Martin Act." (NYAG *Merkin* Br. at 25.)  The NYAG's *Merkin* brief also cited *Castellano* and *Bayou* as relevant authority on the issue of Martin Act preemption, both of which held that claims in the securities context are preempted by the Martin Act.  *See Castellano* v. *Young & Rubicam, Inc.*, 257 F.3d 171, 190 (2d Cir. 2001) (citing *Horn* and *Eagle Tenants Corp.* v. *Fishbein*, 182 A.D.2d 610 (2d Dep't 1992) for the proposition that New York courts have determined that breach of fiduciary duty claims in the securities context are preempted by the Martin Act); *In re Bayou Hedge Fund Litig.*, 534 F. Supp. 2d 405, 421 (S.D.N.Y. 2007) (holding that claims "relating to 'investment advice'" given by a discretionary investment manager to its client about securities are preempted by the Martin Act).  At no point in its *Merkin* brief did the NYAG take issue with the reasoning of any these decisions.

The NYAG's position—just eight months ago—that non-fraud, common law tort claims *are* preempted by the Martin Act is made further clear by a footnote in the brief.  In that footnote (NYAG *Merkin* Br. at 26 n.15), the NYAG argued in the alternative that even if the Martin Act's preemptive scope applies to actions by the NYAG, that *its* fiduciary duty claims would survive under the standard articulated in *Louros* v. *Kreicas*, 367 F. Supp. 2d 572, 595 (S.D.N.Y. 2005), because the claims did not allege deception.  *Louros* found that claims based on deceptive conduct— such as here—are, in fact, preempted.  And because *Louros* found that a claim for negligence against an investment advisor was preempted to the extent it alleged deceptive conduct, the position taken in this footnote does in fact directly contradict the position taken by the NYAG in its *amicus* brief.  The

15

NYAG offers no explanation for its reversal of position and this Court should not adopt the NYAG's newly-adopted and flawed interpretation.

**III.    Plaintiff's Alternative Request For Leave To Amend Its Complaint To Meet The Standard Of *Louros* Should Be Denied.**

In a one sentence footnote in its brief, Plaintiff requests that "[i]n the alternative, []the Court reconsider its dismissal of the [non-fraud common law tort claims] 'with prejudice' and allow [Plaintiff] to demonstrate that its claims meet the standard in *Louros*." Pl. Br. at 4 n.2. Such a request should be denied.

**A.    Plaintiff's Request Should Be Denied Because Plaintiff Did Not Submit a Proposed Complaint Illustrating How Plaintiff Believes It Can Cure the Complaint's Defects.**

As an initial matter, Plaintiff failed to submit a proposed amended complaint with its request. Such pleadings are customary because they allow courts to evaluate proposed amendments and deny leave where the amendments would be futile. *See Bankr. Trust of Gerard Sillam* v. *Refco Group, LLC*, No. 05 Civ. 10072 (GEL), 2006 WL 2129786, at *4 (S.D.N.Y. July 28, 2006) ("Plaintiffs' failure to provide a proposed amended complaint inhibits the Court's ability to evaluate the merits of plaintiffs' proposed contract claim, and demonstrates the futility of such a claim against these defendants."). "Without any idea of what additional facts plaintiffs would allege if permitted to replead, this Court simply cannot determine whether any amendment to their pleadings would be in the interest of justice." *In re Refco Capital Markets, Ltd. Brokerage Customer Sec. Litig.*, Nos. 06 Civ. 643, 07 Civ. 8686, 07 Civ. 8688 (GEL), 2008 WL 4056159, at *18 (S.D.N.Y. Aug. 28, 2008). Plaintiff should not be granted leave to amend when it declined even to attempt to show how it would cure the deficiencies this Court identified in its Decision.

**B.**   **In Any Event, Plaintiff's Request to Replead Should Be Denied Because Attempts to Replead Would be Futile.**

Plaintiff's stated intention is to try to meet the standard for surviving the preemptive scope of the Martin Act as articulated in *Louros*. However, this Court held, in accordance with the "majority of courts," that *all* non-fraud common law claims which arise in the securities context are preempted. Decision at 10-11.[12]   Accordingly, any attempt to amend the complaint to allege non-deceptive conduct in support of its non-fraud common law claims in order to meet the standard of *Louros* would be futile. Regardless of any amendment to the underlying factual allegations, the fact that these claims "arise in the securities context" is "itself sufficient to dismiss as preempted." Decision at 10.

Even if *Louros* were the law, Plaintiff's complaint is based on alleged deceitful misconduct and Plaintiff offers no explanation of how it could amend its complaint to avoid such allegations. This is particularly so given that Plaintiff's complaint contains fraud claims.[13]   *See Heller* v. *Goldin Restructuring Fund, L.P.*, No. 07 CIV. 3704 (RJS), 2008 WL 5328430, at *6 (S.D.N.Y. Dec. 22, 2008) (dismissing as preempted by the Martin Act, plaintiff's breach of fiduciary duty claim since the underlying securities fraud claim alleges dishonesty and deception) (cited with approval, Decision at 11). In its request for leave to file an amended complaint, Plaintiff has not represented to the Court that it will drop its fraud claims. Without doing so and removing its claims of deceitful conduct from the complaint, even *if Louros* were the law, Plaintiff will be unable to avoid the preemptive effect of the Martin Act.

---

[12]   Though the Court went on to distinguish the claim found not to be preempted in *Louros* on the ground that Plaintiff's claims here *did* allege deception, the Court did so only in the context of explaining how "Plaintiff's reliance on *Louros* is misplaced." *Id.* at 11. Furthermore, the Court recognized that the standard articulated by *Louros* contradicts the weight of authority. *Id.* at 10.

[13]   In its Decision, the Court dismissed, without prejudice, Plaintiff's fraud claims, giving Plaintiff an opportunity to replead such claims. Pursuant to Stipulation and Order, Plaintiff need not file its Amended Complaint until after the Court rules on this Motion.

## Conclusion

For the reasons set forth above, the Court should deny Plaintiff's Motion for Reconsideration.

Dated: New York, New York
       May 20, 2010

**PAUL, WEISS, RIFKIND, WHARTON & GARRISON LLP**

By:   /s/  Richard A. Rosen
          Richard A. Rosen (rrosen@paulweiss.com)
          John F. Baughman (jbaughman@paulweiss.com)
          Farrah R. Berse (fberse@paulweiss.com)
          Jennifer K. Vakiener (jvakiener@paulweiss.com)

1285 Avenue of the Americas
New York, New York  10019
Tel.:  (212) 373-3000
Fax:  (212) 757-3990

*Attorneys for Defendants JP Morgan Chase Bank, N.A. and Todd Brown*

18