UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
:
NM HOMES ONE, INC.,
:
        Plaintiff,
:
    -against-
:
JP MORGAN CHASE BANK, N.A., AND
TODD BROWN
:
        Defendants
:
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: December 15, 2010

ORDER

08 Civ. 7679 (PAC)

HONORABLE PAUL A. CROTTY, United States District Judge:

    Plaintiff NM Homes One, Inc. ("Plaintiff") moves for reconsideration of the Court's March 30, 2010 Order, which granted Defendants' Rule 12(b)(6) motion to dismiss Plaintiff's claims. The Court dismissed with prejudice those counts of Plaintiff's Complaint asserting common law claims for breach of fiduciary duty, negligence, and gross negligence (the "Common Law Non-Fraud Tort Claims") on the ground that such claims are preempted by New York's Martin Act (the "Act"). N.Y. Gen. Bus. Law. Art. 23-A. The Martin Act prohibits fraudulent and deceitful practices in connection with the distribution, exchange, purchase, and sale of securities. Id.

## LEGAL STANDARD

    "Reconsideration of a previous order by the court is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." Hinds County, Miss. v. Wachovia Bank N.A., 700 F.Supp.2d 378, 407 (S.D.N.Y. 2010) (citation and quotation marks omitted). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked . . . ."

Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). "The major grounds justifying reconsideration are 'an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" Hinds County, 700 F.Supp.2d at 407 (quoting Virgin Atl. Airways, Ltd. v. National Mediation Bd., 956 F.2d 1245, 1255 (2d Cir.1992)).

## ANALYSIS

The Court assumes familiarity with the background facts and allegations as stated in the order of March 30, 2010. See NM Homes One, Inc. v. J.P. Morgan Chase Bank, N.A. and Todd Brown, No. 08 Civ. 7679 (S.D.N.Y. Mar. 30, 2010).

On April 7, 2010, the New York State Attorney General sought leave from the New York Supreme Court, Appellate Division, First Department to participate as *amicus curiae* in two appeals before that court for which opinions have now been issued: Assured Guaranty (UK) Ltd. V. J.P. Morgan Investment Management, Inc., --- N.Y.S.2d ---, 2010 WL 4721590, (N.Y. App. Div. 1st Dep't Nov. 23, 2010) and GMMF, LLC v. J.P. Morgan Investment Management, Inc., --- N.Y.S.2d ---, 2010 WL 4721383 (N.Y. App. Div. 1st Dep't Nov. 23, 2010). In its *amicus* brief, the Attorney General stated that its exclusive enforcement authority under the Martin Act does not preempt private parties from bringing common-law claims that exist independently of the Act, including the Common Law Non-Fraud Tort Claims brought by Plaintiff in the instant case.

The Appellate Division agreed. It held: "In short, there is nothing in the plain language of the Martin Act, its legislative history or appellate level decisions in this State that supports defendant's argument that the act preempts otherwise validly pleaded common-law causes of action." Assured Guar., 2010 WL 4721590 at *17. There can be no preemption of the common law unless it is done by "clear and specific legislative intent." Id. at 18. This is a substantial change in the common understanding of the meaning of the controlling law — the Attorney General's *amicus* brief clearly calls into question

2

whether the Martin Act preempts private parties from bringing common-law claims that exist independently of the Act, and the Appellate Division just as clearly agrees with the Attorney General.

The Appellate Division's decision was accurately predicted by United States District Judge Marrero's scholarly and thorough opinion in Anwar v. Fairfield Greenwich Ltd., which examines the legislative history of the Martin Act and its judicial interpretation. --- F. Supp. 2d ---, 2010 WL 3022848 (S.D.N.Y. July 29, 2010). Judge Marrero concluded that the Martin Act was never intended to preempt common law causes of action, finding that the Martin Act supplemented, rather than supplanted common law remedies. Id. at *12-13. Specifically, Judge Marrero held that "[t]he plain language of the Martin Act, while granting the Attorney General investigatory and enforcement powers and prescribing various penalties, nowhere mentions or otherwise contemplates erasing common law causes of action" and that "the Martin Act's development [does not] suggest a desire on the part of the legislature to preempt common law actions." Id. at *3-4. To rule otherwise would have New York State investors in a worse position than they were before the legislature adopted the Martin Act because, according to Judge Marrero:

> [T]o broadly preempt private causes of action grants the Attorney General nearly exclusive and final say as to whether the perpetrators of fraudulent securities schemes are held liable under New York law. If the Attorney General chooses not to prosecute or investigates and declines to proceed, remedies for defrauded investors are severely limited and private plaintiffs are left only with common law fraud litigation as a remedy. No other remedies are available, including causes of action with less stringent requirements such as simple negligence or breach of fiduciary duty.

Id. at *13.

Defendants assert that Castellano v. Young & Rubicam, Inc. is controlling and, therefore, bars the Court from reconsidering its prior Order. 257 F.3d 171, 190 (2d Cir. 2001). But Castellano is intended to be declaratory of state law. The Court agrees with Judge Marrero that the Court's obligation in interpreting state law is to "reach, based on sound analysis of the relevant law, the same conclusion as it could reasonably predict the New York Court of Appeals would." Anwar, 2010 WL 3022848 at *16.

The Court likewise agrees that "New York's highest tribunal would hold that the Martin Act does not preclude state common law causes of action that do not derive from or rely upon the Martin Act to establish a required element of the claim." Id.

Judge Marrero concluded his opinion with optimism: "This Court is hopeful that federal district courts, the Court of Appeals for the Second Circuit, or the New York Court of Appeals will not take as long to correct the Martin Act's misapplication before it fossilizes any further." Id. This Court is likewise hopeful. The instant ruling is a step towards unearthing what Judge Marrero deemed a "Federal Brontosaurus." Id.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for reconsideration is GRANTED; Plaintiff's Common Law Non-Fraud Tort Claims, dismissed as preempted by the Martin Act are reinstated. A conference will go forward on Wednesday, January 5, 2011 at 2:00 p.m. in Courtroom 20C. The Clerk of Court is directed to close the motion at docket number 28.

Dated: New York, New York
December 15, 2010

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge