USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: March 10, 2011

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x

NM HOMES ONE, INC.,                          :

               Plaintiff,           :           08 Civ. 7679 (PAC)

   -against-                                     :           <u>ORDER</u>

JP MORGAN CHASE BANK, N.A. and   :
TODD BROWN,
                                           :
               Defendants.
                                           :
------------------------------------------------------x

HONORABLE PAUL A. CROTTY, United States District Judge:

NM Homes One, Inc. ("Plaintiff" or "NMH") sues its investment advisor, JP Morgan Chase Bank, N.A. ("JPM"), and its fixed income portfolio manager, Todd Brown ("Brown") (collectively "Defendants"), claiming that it experienced losses due to various alleged faults of Defendants. Chief among them are: investing and continuing to invest NMH's funds in lower quality asset-backed securities, collateralized mortgage obligations, and floating rate notes, the values of which were adversely affected by the bursting of the housing bubble.

The Court previously dismissed all claims in the Complaint, other than the contract claim in Count 1. It dismissed claims 2, 9 and 10[1] on the grounds that they were preempted by the Martin Act; claims 3-7 were dismissed for various flaws in pleading, with leave to replead, <u>NM Homes, Inc. v. J.P. Morgan, et al.</u>, 08 Civ. 7679, March 30, 2010. Plaintiff moved for reconsideration of the dismissal of claims 2, 9 and 10, asserting that recent New York decisions made it clear that the Martin Act did not preempt common law non-fraud tort claims. The Court

---

[1] Count 8 alleging negligent misrepresentation was withdrawn by Plaintiff on November 21, 2008.

granted the motion and reinstated these claims.  <u>NM Homes One, Inc. v. JP Morgan Chase, et al.</u>, 08 Civ. 7679, December 15, 2010.  Familiarity with both earlier Opinions is assumed.

Defendant JPM now moves, pursuant to Fed. R. Civ. P. 12(c), for judgment on the pleadings on NMH's first count for breach of contract.  Defendants also move, pursuant to Fed. R. Civ. P. 12(b)(6) to dismiss Counts 2, 9 and 10 for failure to state a claim.

**Count 1**

Count 1 alleges a breach of contract by JPM.  The contract, Discretionary Portfolio Mandate, gave JPM discretion to invest NMH's funds, subject to certain investment principles or goals, including, specifically, the preservation of capital with flexibility to withdraw funds.  NMH alleges that JPM breached its agreement by investing in securities which clearly violated the investment objectives and disregarded the risk profile.  As a result, NMH alleges that it suffered damages.  (Complaint, ¶¶ 122-127).

While JPM argues that the Complaint is based on hindsight and is premised only on a failure to achieve objectives, NMH alleges that JPM failed to follow the agreed-upon investment strategy and failed to conduct the analysis and diligence that it promised to provide. (Memo. in Opp., pg. 18).

According to the Complaint, JPM selected securities which were backed by non-prime mortgages; and so were riskier than allowed for in the written agreement between the parties.  Further, those securities were not short term—or even slightly longer—but rather had maturities measured in decades.  To compound these breaches, JPM held investments in those securities, indeed, kept on investing in similar securities, long after it was clear that the mortgage market was collapsing and the securities were now subject to extraordinary risk.  (Memo. in Opp., pp. 20-21).

JPM moves for judgment on the pleadings contending that the gravamen of the Complaint: the failure to meet investment objectives is insufficient as a matter of law.  As to claimed breaches, JPM maintains that they lack specificity.  With regard to the Complaint concerning long-term maturities, JPM points to the investment guidelines which provided that the "Investment Manager shall be responsible for selecting the maturities of individual fixed income securities within the portfolio."  (Rosen Decl. 11/7/08, Ex. B, last page).  Finally, JPM contends that all of its investments were within the concentration ratios specified in the parties' written agreement.

Contrary to Defendants' arguments, this case is not like Charter Township of Clinton Police and Fire Retirement System v. KKR Fin. Holdings, 09 Civ. 7062 (PAC) 2010 WL4642554 **15, 19 (S.D.N.Y., November 17, 2010) or In re Barclays Bank PLC Sec. Mtg., 09 Civ. 1989 (PAC), 2011 WL31548, ** 8-9 (S.D.N.Y., January 5, 2011), both of which involved claims of securities fraud.  The issue in both was whether the issuer made an adequate disclosure of the risks involved in the investments in certain asset-backed securities.  Here, we are not dealing with a failure to make disclosures, but rather the alleged mismanagement of NMH's assets entrusted to Defendants.  The contract has certain requirements that NMH maintains were breached.  While Defendant denies the breach, (and Defendant may be right) at this stage, prior to answer and any discovery, it is not correct to hold that JPM is entitled to judgment on the pleadings.

With regard to the maturities, JPM quotes a portion of the guidelines suggesting that JPM had complete discretion over the maturities ("Investment Managers shall be responsible for selecting the maturities of individual fixed-income securities within the portfolio.").  The next sentence of the "Maturity and Duration" specifications suggests there may be a limitation on this

discretion: "Effective or modified duration of the portfolio should be between 0.10 and 1.0 years." It is a fair ground for factual dispute whether JPM's selection of maturities for the fixed-income securities met this specification.

Finally, JPM contends that at all times its investments were within the concentration ratios (i.e., it purchased the "quantities" and "types" of securities specified in the agreement). This is not dispositive. It is an open question whether "pernicious compliance" with one provision of the contract satisfies all other provisions, including that of "top down and bottom up analysis." Again, it is a fair ground for factual dispute whether holding on to falling fixed-income securities; indeed, continuing to invest in such securities long after alarm bells were ringing off the wall, met the requirements of the parties' contract—even if concentration ratios were satisfied. Further, concentration ratios would not deal with the issue of long-term maturities, nor would it address the conservative investment requirement. It is also fair grounds for factual dispute whether the securities selected were suitable (or the most attractive), given the needs for preservation of capital and liquidity.

The contract claim is precisely the kind of contract claim which has been allowed by New York Courts. Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Management Inc., 915 N.Y.S. 2d 7 (1st Dept., 2010); CMMF, LLC v. J.P. Morgan Inv. Management Inc., 78 A.D. 3d 516, and 915 N.Y.S. 2d 2 (1st Dept., 2010).

Defendant JPM's motion for judgment on the pleadings, pursuant to Rule 12(c) Fed. R. Civ. P., is denied.

### Counts 2, 9 and 10

Count 2 alleges a breach of fiduciary duty; Count 9 alleges negligence; and Count 10 alleges gross negligence. The Court earlier held that these three non-fraud common law claims

4

were preempted by the Martin Act and so the three counts were dismissed.  In light of recent clarification in New York law, however, the Court granted NMH's motion for reconsideration and reinstated the claims.  Defendants now move to dismiss them for failure to state a claim.

Defendants contend that the tort claims are no more than warmed over contract claims; as such, the tort claims should be dismissed as duplicative since they allege conduct which is governed by the parties' contract.  Further, Defendants argue that the limitation on liability language in the contract is a complete barrier to NMH's negligence claim.

It cannot be disputed that "an investment manager of an investment account owes a fiduciary duty to its customer."  CMMF, LLC v. J.P. Morgan Inv. Management Inc., No. 601924/09 (Sup. Ct. N.Y. County, December 10, 2009) aff'd. 73 A.D. 3d 562, 915 N.Y.S. 2d 2 (1st Dept., 2010).  This duty is independent of and separate from the contract which exists between the parties, where one is a professional who is subject to tort liability for failure to exercise reasonable care.  In New York, an investment adviser is considered a professional.  See Bullmore v. Ernst & Young Cayman Islands, 45 A.D. 3d 461, 463; 846 N.Y.S. 2d 145 (1st Dept., 2007); and Assured Guar. (UK) Ltd. v. J.P. Morgan Inv. Management Inc., 915 N.Y.S. 2d 7, 10 (1st Dept., 2010).

The Assured Court denied Defendants' motion to dismiss the tort claims as duplicative of the contract claim.  The Court held that tort claims are not duplicative of a contract claim, where a duty of care exists outside the contract.  Sergeants Benev. Ass'n Annuity Fund v. Renck, 796 N.Y.S. 2d 77, 80 (1st Dept., 2005).

With respect to Defendants' limitation of liability argument, it is premature to address that issue now.

Defendants' motion to dismiss Counts 2, 9, and 10 is DENIED.

Plaintiff is directed to file its amended pleading within 30 days. Thereafter, the parties should meet and confer to agree upon a Civil Case Management Plan. The Clerk of the Court is directed to close out J.P. Morgan's motion for judgment on the pleadings and motion to dismiss for failure to state a claim.

Dated: New York, New York
       March 9, 2011

SO ORDERED

_____
PAUL A. CROTTY
United States District Judge